# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATARINA MARIE COX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:20-cv-01520-SAB<br><br>ORDER RE STIPULATION FOR NUN PRO TUNC EXTENSION OF TIME TO FILE LETTER BRIEF AND TO MODIFY SCHEDULING ORDER AS TO REMAINING DEADLINES<br><br>(ECF Nos. 17, 18) |

　　　Plaintiff Katarina Marie Cox filed this action seeking review of the Commissioner's denial of Social Security benefits on October 28, 2020. On November 2, 2020, the Court issued a scheduling order. (ECF No. 7.) On November 19, 2020, the Court issued an order staying the action pursuant to General Order 615. (ECF No. 12.) On June 23, 2021, the administrative transcript was lodged with the Court and the Court lifted the stay on the action. (ECF Nos. 14, 15.) The parties were directed to proceed according to the scheduling guidelines set forth in the November 2, 2020 scheduling order (ECF No. 7). (ECF No. 15 at 2.)

　　　Plaintiff, in compliance with the scheduling order, served her confidential letter brief on July 23, 2021. (See ECF No. 16.) Accordingly, Defendant's confidential letter brief was due on August 27, 2021. (See ECF No. 7 ¶ 4.) Defendant's brief, however, was not filed until October 4, 2021. (See ECF No. 17.)

On October 5, 2021, the parties filed a stipulated post hoc extension request for Defendant to have until October 4, 2021, to respond to Plaintiff's informal letter and for the remaining deadlines established by the November 2, 2020 scheduling order to be modified accordingly. (ECF No. 18.) The stipulation indicates defense counsel mis-calendared the deadline for this case and counsel apologizes to the Court for the inconvenience caused by the delay.

The parties are advised that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted but will only be granted upon a showing of good cause. Furthermore, requests to modify the briefing schedule that are made on the eve of a deadline or thereafter will be looked upon with disfavor and may be denied absent a showing of good cause for the delay in seeking an extension. If such a request is made after a deadline, the party seeking the nunc pro tunc extension must show additional good cause as to why the matter was filed late.

Based upon a review of the parties' stipulation for an extension of time, the Court finds good cause to grant the nunc pro tunc extension. The request was not made in bad faith and the stipulated relief requested by the parties is warranted. However, the parties are reminded that any failures to comply with the scheduling order may result in sanctions pursuant to Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The time for Defendant's confidential letter brief to be served is extended nunc pro tunc to October 4, 2021;
2. Plaintiff shall file an opening brief on or before November 3, 2021; and

///
///
///
///
///
///

3. All remaining deadlines as set forth in the scheduling order (ECF No. 7) are amended accordingly.

IT IS SO ORDERED.

Dated: __**October 5, 2021**__

UNITED STATES MAGISTRATE JUDGE